Megan L. Wagner (California Bar No. 130752)
*megan@kohutlaw.com*
Sarah K. Kohut (California Bar No. 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT, LLP
600 Anton Blvd., Suite 1075
Costa Mesa, California 92626
Telephone: (714) 384-4130
Facsimile:  (714) 384-4131

James B. Baldinger
*jbaldinger@carltonfields.com*
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile:  (561) 659-7368
*Attorneys for TracFone Wireless, Inc.*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>C-TECH WHOLESALE INC., a California Corporation; HASSAN CHAALAN; and JOHN DOES 1-10, and XYZ COMPANIES 1-10,<br><br>Defendants. | Case No.: 8:08-CV-00964 SGL (JCRx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS C-TECH WHOLESALE, INC. AND HASSAN CHAALAN** |

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), brought the above-captioned lawsuit against C-TECH WHOLESALE, INC., a California corporation,

**FINAL JUDGMENT AND PERMANENT INJUNCTION**
1

5386505.1

("C-Tech") and HASSAN CHAALAN, individually (collectively, "Defendants"), alleging that the Defendants are engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 and SafeLink branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones and essential for consumers to access TracFone's prepaid wireless network.  The alleged unlawful business practice involves the unauthorized and/or unlawful purchase, resale and/or trafficking of TracFone/NET10 Prepaid Phones, the unauthorized and/or unlawful unlocking and/or reflashing of TracFone/NET10 Prepaid Phones and/or alteration, copying, and/or accessing of TracFone's copyrighted and proprietary software computer code installed in the Phones, or reselling the Phones to others who disable the software, and ultimately sell the altered Phones as new to unsuspecting consumers under the TracFone, Net10, or SafeLink trademarks for unauthorized use outside of the TracFone prepaid wireless system for profit (the "Illicit Bulk Resale Scheme").  Defendant is alleged to have participated in the Illicit Bulk Resale Scheme.

TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones.  These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone/NET10 Prepaid Phone, and are also available to the public on TracFone's website.  The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones.  TracFone alleges that the Terms and

Conditions and language on the packaging constitute a valid binding contract between Defendants and TracFone.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone or NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone or NET10 service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone or NET10 wireless system coverage area ("Coverage Area"). TracFone alleges that Defendants have, in violation of the Terms and Conditions, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone or NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendants' alleged involvement in the Illicit Bulk Resale Scheme, TracFone asserted claims against the Defendants for Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. § 1114.; Federal Unfair Competition in violation of 15 U.S.C. § 1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA"); Dilution of TracFone's Marks, Tortious Interference with Business Relationships and Prospective Advantage; Tortious

Interference with Contract; Dilution of Trademarks under Common Law Unfair Competition; Conspiracy to Induce Breach of Contract; and Unfair Competition and violation of California Business Code § 17200 *et seq.*

Accordingly, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, for "TracFone," issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, for "TracFone," issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, for "TracFone," issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, for "TracFone," issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, for "Net10," on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, for "Net10," issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, for "Net10," issued on June 19, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,251,389, for "Net10," issued on June 12, 2007 and based on a first use date of December 31, 2005, and United States Trademark Application Serial No. 77,506,332 for SafeLink Wireless and Design, in International Class 38, application filed on June 24, 2008 (collectively the "TracFone/Net10/SafeLink Trademarks").

3. The TracFone/Net10/SafeLink Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that, if proven, the Defendants' alleged involvement in the Illicit Bulk Resale Scheme would constitute Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. § 1114.; Federal Unfair Competition in violation of 15 U.S.C. § 1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* ; Dilution of TracFone's Marks, Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Dilution of TracFone's Trademarks under Common Law Unfair Competition Conspiracy to Induce Breach of Contract; Unfair Competition; and violation of California Business Code § 17200 *et seq.*

6. The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against purchasers of TracFone/NET10 Prepaid Phones. The Court finds that (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c)

exporting TracFone/NET10 Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, if proven, would constitute independent breaches of contract for which TracFone is entitled to relief.

7. The Court further finds that the alleged Illicit Bulk Resale Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this exemption does not absolve any participants in the Illicit Bulk Resale Scheme of liability for their violations of the DMCA, because the purchase and resale of TracFone/NET10 Prepaid Phones for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network," does not come within the scope of the exemption. Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

10. Final judgment is hereby entered against Defendants, jointly and severally, and in favor of the Plaintiff, TracFone Wireless, Inc., a Delaware

corporation, on all of the claims set forth in TracFone's complaint, in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), which shall bear interest at the legal rate, and for which let execution issue forthwith.

11. Defendant C-Tech, and each and all of its respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, investigators, and all other persons or entities acting or purporting to act for him/her/it or on his/her/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, associates, servants, affiliated entities, and Chaalan and each of his assigns, personal representatives, agents, employees, investigators, and all other persons and entities acting or purporting to act for him or on his behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant, and any and all persons and entities in active concert and participation with any Defendant, are hereby PERMANENTLY ENJOINED from:

    a. purchasing and/or selling any wireless mobile handset that they know or should know bears, or at one time bore, any TracFone/Net10/SafeLink Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone/NET10 Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and

NET10's websites, www.tracfone.com, including without limitation the following TracFone/NET10 handsets:

| | | |
|---|---|---|
| Motorola W175 | Nokia 1600 | LG 225 |
| Motorola W260g | Nokia 2126 | LG 600G |
| Motorola C139 | Nokia 2126i | LG 300G |
| Motorola C261 | Nokia 2600 | LG 400G |
| Motorola W260g | Nokia 1100 | LG 3280 |
| Motorola W370 | Nokia 1112 | LG CG225 |
| Motorola W370R | Nokia 1221 | LG 1500 |
| Motorola W375g | Nokia 2285 | LG 200C |
| Motorola W375 | | Kyocera K126C |
| Motorola V176 | | |
| Motorola V170 | | |
| Motorola V171 | | |
| Motorola C155 | | |
| Motorola C343 | | |
| Motorola V60 | | |

b. rekitting, reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone/NET10 Handsets;

d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in rekitting, reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without

limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

    f. knowingly using the TracFone/Net10/SafeLink Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone/Net10/SafeLink's Trademarks, without TracFone's prior written authorization.

12. If any defendant to this action violates the terms of this Permanent Injunction, the Court will, upon TracFone's filing of an Affidavit or Declaration of Violation, order the payment of compensatory damages to TracFone in the amount of Five Thousand Dollars and No Cents ($5,000.00 (U.S.)) for each Phone purchased, sold, unlocked, reflashed, altered, rekitted, advertised, solicited and/or shipped in violation of the Permanent Injunction, or a single damages award of One Million Dollars and No Cents ($1,000,000.00 (U.S.)), whichever is greater. The Court finds that these amounts are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event a Defendant violates the terms of this Permanent Injunction.

13. The address of Defendant, C-Tech Wholesale, Inc. is 4141 Ball Road, #103, Cypress, California 90630.

14. The address of Defendant, Hassan Chaalan is 4122 Elizabeth Court, Cypress, California 90630.

15. The address of Plaintiff, TracFone Wireless, Inc. is 9700 NW 112th Avenue, Miami, Florida 33178.

16. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction and to enforce the terms of the parties' settlement agreement (including providing any remedies contained therein). Upon TracFone's filing of an affidavit or

declaration that any one or all of the Defendants have defaulted under the settlement agreement and/or violated the permanent injunction, the Court shall find the Defendants in contempt and shall award TracFone compensatory damages.

DONE AND ORDERED July 17, 2009.

_____
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**
James B. Baldinger, *counsel for Plaintiff TracFone Wireless, Inc*
Michael L. Schack, *counsel for Defendants C-Tech Wholesale, Inc. and Hassan Chaalan*